RUFUS SPRAGUE vs. BENJAMIN TRIPP, City Treasurer of the City of Providence.

The city of Providence owning by purchase certain lots on both sides of a private way, the highway commissioners of the city excavated gravel from the lots and the way until the latter became impassable. The gravel was used for highway repairs at various and remote points. All the expenses were paid from the city treasury and from regular appropriations.

In an action against the city, brought by another owner of land on the private way:

*Held*, that the highway commissioners were the agents of the city.

*Held*, further, that the city was liable for their tort in making the way impassable.

*Donnelly* v. *Tripp*, 12 R. I. 97, distinguished.

TRESPASS ON THE CASE. Heard by the court, jury trial being waived.

*May* 29, 1880. DURFEE, C. J. This is an action on the case to recover damages of the city of Providence for an injury to the plaintiff's easement or right of way in Richardson Street, so called. The land on both sides of the street and within the limits of the street formerly belonged to one Thomas B. Cole, by whom, in 1847, it was platted into house lots, with the street intersecting them, and the plat recorded. The plaintiff is owner of one of the lots on the south side of the street. The city of Providence is the owner of ten lots, three on one side of the street and seven on the other, having purchased them in 1873 and 1874. Since then the highway commissioners have, from time to time, excavated the land in the city lots and in the street to the depth of thirty or forty feet, for the purpose of obtaining the gravel there, and using it in making and repairing the highways of the city. The expenses of purchasing the lots and making the excavations have been paid out of the city treasury in the ordinary course, and from the regular appropriations. The street, which has never been received as, nor declared to have become, a public highway, has been rendered impassable for nearly its entire length. The excavations, though not confined in the street to city land, have not extended to the land in front of the plaintiff's lot. It is admitted that the material taken from the excavations was not used on contiguous streets so as to be within the provisions of chapter 60 of the General Statutes. It is agreed that if upon these facts the court find the city liable, the case is to stand for an assess-

ment of damages, but, if otherwise, the plaintiff is to become nonsuit.

We infer from the statement that the street has never become a highway by dedication, but is still only a private way, in which the plaintiff is entitled to an easement as one of the abutting owners. As such, he can maintain his action against the city, if the city is responsible for the excavations in the street. The question is, whether the city is responsible for them, or only the highway commissioners; or, in other words, whether the highway commissioners in making them should be taken to have acted for the city, and as its agents, or simply on their own responsibility. The fact that the city was the owner of abutting lots is important; for as such owner it could authorize the excavations in the lots, and must be presumed to have authorized them, having paid for them. Moreover, as owner of abutting lots, the city is *primâ facie* the owner of the soil of the street to its centre, and, where it owns on both sides, it is *primâ facie* the owner of the soil of the street throughout its entire width. As owner of the soil of the street, it had the right to take the soil and carry it away for use elsewhere, provided it did not thereby impair or obstruct the right of passage over it belonging to the plaintiff and the other abuttors. But here the commissioners went beyond any right which the city had, rendering the street impassable, though they did it to get gravel for the city. Is the city liable for the excess or transgression of right thus committed in its behalf? The question is not free from difficulty, but on the whole, we have come to the conclusion that the city is liable. We think the commissioners, though they invaded the right of the plaintiff, did so, not only for the benefit of the city, but also in the general course of their employment, acting, so far as it appears, in good faith. They may be regarded, therefore, as the agents of the city, even in the excesses which they committed. *Howe* v. *Newmarch*, 12 Allen, 49; *Levi* v. *Brooks*, 121 Mass. 501; *Carman* v. *The Mayor, &c. of New York*, 14 Ab. Pr. 301; *Lee* v. *The Village of Sandy Hill*, 40 N. Y. 442; *Luttrell* v. *Hazen*, 3 Sneed, 20; *Hildreth* v. *City of Lowell*, 11 Gray, 345. The case is not within the rule laid down in *Donnelly* v. *Tripp*, 12 R. I. 97, for there the act complained of was not only unauthorized in itself, but was

not committed in the course of, or in excess of, a work which was authorized.

The case will stand for an assessment of the damages.

*Charles H. Parkhurst*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.